UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x  **NOT FOR PUBLICATION**

CHERYL D. UZAMERE,

                          Plaintiff,         **MEMORANDUM & ORDER**

      -against-                               **09-CV-3709 (NGG)**

THE UNITED STATES POSTAL SERVICE,

                          Defendant.
----------------------------------------------------------------x
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Cheryl D. Uzamere ("Plaintiff") brings this pro se action against Defendant United States Postal Service ("USPS") invoking the court's diversity and federal question jurisdiction under 28 U.S.C. §§ 1331-1332. (See Compl. (Docket Entry #1).) The court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Memorandum & Order. The Complaint is dismissed against Defendant for the reasons set forth below.

## I.    BACKGROUND

Plaintiff alleges that on July 31, 2009, she "paid Defendant [United States Postal Service] money to effect service of process via certified mail . . . at Defendant's Cadm[a]n Plaza location, but that there was no indication that the mail was delivered to the individuals addresses," including "two envelopes containing a New York State lawsuit addressed to various defendants." (Compl. ¶¶ 6-7). Plaintiff further alleges "[t]hat Defendant's inability to track and locate the aforementioned articles of mail for which paid Plaintiff [sic] to be delivered via certified mail violates Plaintiff's Fifth Amendment and Fourteenth Amendment right to due process." (Id. ¶

20). Plaintiff seeks $5 million in damages for the lost mail. (Id. ¶ 36).

## II. STANDARD OF REVIEW

In reviewing the Complaint, the court is mindful that Plaintiff is proceeding pro se and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, pursuant to the in forma pauperis statute, the court shall dismiss a complaint "at any time" if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must grant leave to amend it. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## III. DISCUSSION

A. Sovereign Immunity

Because Plaintiff's action against the USPS is in fact an action against the United States, the court treats the claim as brought against the United States. See Anderson v. USPS, 761 F.2d 527, 528 (9th Cir. 1985) (per curiam) (treating tort claim against the USPS as a suit against the United States); see also Bowman v. USPS, No. 02-CV-6138, 2003 WL 1395821, at *2 (S.D.N.Y. Mar. 20, 2003) (substituting the United States as the proper defendant, rather than requiring pro se litigant to amend his complaint). However, "[i]t is axiomatic that the United States [as sovereign is immune from suit and] may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983).

2

1. Federal Tort Claims Act

Congress has provided a waiver of sovereign immunity by enacting the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq. The FTCA is the exclusive remedy for tort actions against the United States. Under 28 U.S.C. § 2680(b), however, the United States has not waived its sovereign immunity with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." See also 39 U.S.C. § 409(c); United States v. Dolan, 546 U.S. 481, 485 (2006); Lam v. USPS, No. 06-CV-268, 2006 WL 2729199, at *2 (E.D.N.Y. Sept. 25, 2006) (dismissing pro se plaintiff's claims alleging failure to deliver two registered packages from China); Djordjevic v. Postmaster General, 911 F.Supp. 72, 74 (E.D.N.Y. 1995) (dismissing claim for lack of subject matter jurisdiction against Postmaster General for loss of insured International Express Mail package sent to Moscow). Therefore, to the extent Plaintiff alleges that the July 31, 2009 certified letters were not delivered due to "the loss, miscarriage, or negligent transmission" by the USPS, 28 U.S.C. § 2680(b), her claim is barred by the doctrine of sovereign immunity and is therefore dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

2. Postal Reorganization Act

The court, however, may have jurisdiction to review a contract claim against the USPS provided Plaintiff has exhausted all available administrative remedies. See Postal Reorganization Act, 39 U.S.C. § 401(1) (granting the USPS the power "to sue and be sued in its official name"); Djordjevic v. Postmaster General, 957 F. Supp. 31, 32 (E.D.N.Y. 1997) (reviewing contract claim where plaintiff had exhausted administrative remedies); Esseily v. USPS, No. 03-CV-71231, 2003 WL 21817984, at *1 (E.D. Mich. Jul. 3, 2003) (dismissing pro se plaintiff's contract claim that USPS failed to deliver certified mail sent to the United States Supreme Court because plaintiff failed

3

to exhaust administrative remedies). Here, Plaintiff does not allege any facts that suggest a contract claim against Defendant and, in any event, Plaintiff fails to allege that she has exhausted all her administrative remedies with the USPS.[1]

B.   Bivens Claim

Plaintiff alleges the violation of her rights under the Fifth and Fourteenth Amendments and that the court has jurisdiction under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). (Compl. ¶¶ 20-21, 24). A claim under Bivens must allege facts showing that the defendant acted under color of federal law to deprive the plaintiff of a constitutional right. Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995). However, Bivens does not authorize suits against federal agencies such as the USPS. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); Moore v. USPS, No. 01-CV-1609, 2005 WL 165386, at *11 (N.D.N.Y. Jan. 13, 2005). Thus, Plaintiff does not state a cognizable Bivens claim.

IV.  **CONCLUSION**

On two prior occasions, this court has warned Plaintiff that the filing of frivolous or vexatious complaints may result in sanctions. See Uzamere v. Bush, No. 08-CV-0891 (NGG), Docket Entry #7, at 8 (E.D.N.Y. Apr. 8, 2008); Uzamere v. New York, No. 09-CV-2703 (NGG), Docket Entry #6, at 5 (E.D.N.Y. July 9, 2009). This suit is no different: Plaintiff complains of constitutional harms for nothing more than a few lost pieces of mail. The court now reiterates its warning that if Plaintiff continues to file frivolous complaints, she will be precluded from obtaining in forma pauperis status to file complaints without leave of court. See 28 U.S.C. § 1951; see also In re Martin-Trigona, 9 F.3d 226, 227-29 (2d Cir. 1993) (discussing various

---

[1] The procedure for bringing a claim before the USPS is set forth in the USPS's Domestic Mail Manual. See Simat USA, Inc. v. USPS, 218 F. Supp. 2d 365, 367-68 (S.D.N.Y. 2002) (citing cases).

4

sanctions courts may impose upon vexatious litigants).

The Complaint, filed in forma pauperis, is dismissed as set forth above. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 15, 2009

s/Hon. Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge